S92A1502. JONES et al. v. NORRIS.
(421 SE2d 706)

CLARKE, Chief Justice.

Larry Hulvey, appellant Jerry Jones and appellee David Norris qualified as candidates for the office of Superintendent of Schools for Wayne County. Approximately two weeks before the primary election, Hulvey withdrew from the race. Finding that there was not time to have the ballots reprinted, the Superintendent of Elections for Wayne County caused signs to be posted at each voting precinct informing voters that Hulvey had withdrawn from the race. Additionally, Hulvey's withdrawal from the race was reported several times in the local media.

Nonetheless Hulvey received 213 votes. Appellant Jones received 3,190 votes, and appellee Norris received 3,161 votes. The Election Superintendent declared void those votes cast for Hulvey, and declared appellant Jones the victor. Norris then filed this action for contest of the election.

---

OCGA § 21-2-501 (a) provides, in pertinent part, that "no candidate shall be nominated for public office in any primary . . . unless such candidate shall have received a majority of the votes cast to fill such nomination. . . ." Construing this Code section, the trial court found that although Hulvey had withdrawn from the race, the "votes cast" for him were required to be counted in determining whether any candidate received a majority of votes. Thus, the trial court found that 3,283 votes were necessary for a candidate to receive a majority of votes cast, and as neither appellant nor appellee had received this number, the trial court held that a run-off election was required.

Title 21 of the Code, governing the conduct of primaries and general elections, makes no provision for this situation where vote recorder ballots are used to cast votes for the candidates, as was done here. However, OCGA § 21-2-438 (a), governing the conduct of elections using paper ballots, provides that "[i]n primaries, votes cast for candidates who have died, *withdrawn*, or been disqualified shall be void and shall not be counted." (Emphasis supplied.) We make no distinction between a paper ballot marked by a pencil and a cardboard ballot "marked" by a punch. We hold that the vote recorder ballots used by Wayne County are governed by the provisions of OCGA § 21-2-438 (a) in absence of statutory authority to the contrary. As such, the votes cast for Larry Hulvey were void and should not have been counted. The judgment of the trial court is therefore reversed.

*Judgment reversed. Bell, P. J., Hunt, Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 21, 1992.

*Leaphart & Johnson, Alvin Leaphart, James G. Johnson, Jr.,* for appellants.
*Leon A. Wilson,* for appellee.